UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CORNERSTONE HOME BUILDERS, INC,
a Florida corporation,

                              Plaintiff,

-vs-                                                    Case No.  8:04-cv-2585-T-24TGW

JERALD F. LEMANSKI and PATRICIA A.
LEMANSKI, as husband and wife,

                              Defendants.
_____/

**O R D E R**

This cause comes before the Court on Plaintiff's Motion for Preliminary Injunction and Impoundment of Copyrighted Architectural Drawings (Doc. No 13).  Defendants, Jerald F. Lemanski and Patricia A. Lemanski, filed a response in opposition thereto (Doc. No. 20).  On July 22, 2005, the Court held a hearing on Plaintiff's motion for preliminary injunction.

**I.     Background**

Plaintiff is a local residential builder.  Plaintiff alleges it has obtained federal copyright protection for many of its architectural designs.  Specifically, in 2000, Plaintiff sought and obtained a copyright registration, Registration No. VAu 497-175, for its Capri architectural drawings (Exhibit 1 to Doc. No. 13).  In 2003, Plaintiff sought and obtained a copyright registration, Registration No. VA 1-219-053, for its Benedict architectural drawings (Exhibit 2 to Doc. No. 13).  In 2005, Plaintiff sought and obtained a copyright registration, Registration No. VA 1-236-391, for the Benedict as an architectural work (i.e., the structure itself)(Exhibit 3 to Doc. No. 13).

On or about February 25, 2004, Plaintiff and Defendants entered into a residential construction contract ("the Construction Contract" or "Construction Agreement") which Plaintiff alleges was for the construction of a residence pursuant to Plaintiff's copyrighted architectural designs. Thereafter, a dispute arose regarding a change order requested by Defendants. As a result of this dispute, on or about November 1, 2004, Defendants notified Plaintiff that they were terminating the Construction Contract. Plaintiff then filed a lawsuit in state court seeking redress for Defendants' alleged wrongful repudiation of the Construction Contract.

On November 30, 2004, Plaintiff filed a complaint in this Court seeking a declaratory judgment regarding its right to protect copyright interests in its architectural design drawings or plans and Defendants' threatened unauthorized use of those architectural design drawings or plans (Doc. No. 1). On June 13, 2005, Plaintiff filed the present motion for preliminary injunction (Doc. No.13). In the motion, Plaintiff asks this Court to order Defendants to cease using Plaintiff's architectural drawings or plans, Benedict and Capri, and to immediately stop construction on the Benedict design house. Plaintiff further asks that the Court prohibit Defendants from selling or transferring the residence to third parties without Plaintiff's permission and to impound the Benedict architectural drawings.

**II.    Standard of Review**

This Court may issue an injunction if Plaintiff shows (1) a substantial likelihood of success on the merits; (2) that Plaintiff will suffer irreparable injury if the injunction is not issued; (3) that the threatened injury to Plaintiff outweighs the potential damage that the proposed injunction may cause Defendants; and (4) that the injunction will not be adverse to the public interest. See All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc., 887

F.2d 1535, 1537 (11th Cir. 1989)(citations omitted); see also Palmer v. Braun, 287 F. 3d 1325, 1329 (11th Cir. 2002). The issuance of a preliminary injunction is a drastic remedy, and the moving party "bears the burden to clearly establish the four prerequisites." Café 207, Inc. v. St. Johns County, 989 F.2d 1136, 1137 (11th Cir. 1993).

### III.     Analysis of Plaintiff's Entitlement to a Preliminary Injunction

####         A.     Substantial Likelihood of Success on the Merits

Once Plaintiff establishes a prima facie case of copyright infringement, this Court may presume it has established the likelihood of success on the merits and irreparable harm elements necessary to issue a preliminary injunction. See CBS, Inc. v. PrimeTime 24 Joint Venture, 9 F. Supp. 2d 1333, 1344- 45 (S.D. Fla. 1998); Palmetto Builders and Designers v. Unireal, Inc, 342 F. Supp. 2d 468, 471 (D. S.C. 2004).

To establish a prima facie case of copyright infringement, Plaintiff must prove (1) ownership of a valid copyright, and (2) copying of the constituent elements of the work that are original. See Herzog v. Castle Rock Entertainment, 193 F.3d 1241, 1247 - 48 (11th Cir. 1999)(quoting Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991)). Plaintiff has attached three copyright registrations to its motion for preliminary injunction[1] for its Capri and Benedict designs thereby establishing it owns valid copyrights as to the materials covered by these copyright registrations. See Donald Frederick Evans and Associates, Inc. v. Continental Homes, Inc., 785 F.2d 897, 903 (11th Cir. 1986).

---

[1]Exhibits 1 - 3 (Doc. No. 13).

The second element of a copyright infringement claim requires a two step analysis if there is no evidence of copying. That is, if a plaintiff does not have direct proof of copying[2], the plaintiff may show copying by demonstrating that the defendant had access to the copyrighted work and that the works are substantially similar. See Herzog, 193 F.3d at 1248. To demonstrate substantial similarity, a plaintiff must establish that "an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work." Id. (quoting Original Appalachian Artworks, Inc. v. Toy Loft, Inc., 684 F.2d 821, 829 (11th Cir. 1982)).

Plaintiff contends that there is evidence that Defendants actually copied, or are copying, their copyrighted architectural designs because construction on Defendants' residence has resumed. The county building department has transferred the building permit from Plaintiff to Defendants (the permit being based upon the copyrighted Benedict drawings or plans) and Defendants have hired Aspen Development Group, Inc. ("Aspen") to finish construction of the house. Defendants respond that there is no copying of the Benedict drawings or plans because the work being completed on the house does not utilize the Benedict architectural design drawings or plans. Rather, "the work involves the installation of the finish treatment of the house, including interior electric wiring, the installation of the interior wall board, the installation of the doors, cabinets, countertops, plumbing fixtures, light fixtures and switches, painting, floor covering, exterior doors and windows, garage doors, garage door openers, etc." (Doc. No. 20).

---

[2]Direct evidence of copying rarely exists. See Herzog, 193 F.3d at 1249.

While Defendants dispute physically copying or using Plaintiff's copyrighted architectural design drawings or plans, it is clear that at some point Defendants had access[3] to the architectural design drawings or plans which were utilized by Plaintiff in the construction of the house before the Construction Contract was terminated.[4] However, now that construction on the house has resumed, whether Defendants are copying any architectural design drawings or plans or are merely having Aspen complete "finishing work" according to Hillsborough County building code requirements is a factual dispute.

The parties disagree about the status of the construction of the house when their relationship ended. Plaintiff argues that when it was fired by Defendants, the house was in an early stage of construction and was nothing more than a shell. In contrast, Defendants claim that the house was structurally complete with all interior framing. The photographs of the house submitted by the parties provide little guidance, since although the outside looks substantially complete the interior of the home is largely obscured.

This Court has insufficient facts to determine whether Defendants are copying the constituent elements of those works that are original, whether by physically copying the architectural design drawings or plans or by infringing the Benedict as an architectural work by completing construction of their residence. The copyright registrations provide no guidance as

---

[3] Access has been defined as a "reasonable opportunity to view" the copyrighted work. See Herzog, 193 F.3d at 1249 (quoting Ferguson v. Nat'l Broad. Co., 584 F.2d 111, 113 (5th Cir. 1978)).

[4] The Court notes that the copy of the February 25, 2004 Construction Agreement between the parties, attached as Exhibit 1 to the Deposition of Steven Bronstein (Doc. No. 21), references "Plans and Specifications" attached thereto at Exhibit "A." However, the Construction Agreement as filed does not include any Plans and Specifications.

to what Plaintiff considers the copyrightable elements of its architectural designs.[5] While Plaintiff attached the alleged relevant copyright registrations, it failed to provide this Court with any of the technical drawings, floor plans or elevation views. Additionally, it is not clear to this Court whether Defendants can only continue construction of the residence by adhering to Plaintiff's copyrighted architectural designs or can continue construction by simply complying with the building codes. Therefore, the Court finds that Plaintiff has failed to show a substantial likelihood of success on the merits.

### B. Irreparable Injury

Plaintiff argues that in copyright infringement cases, irreparable injury is generally presumed if the plaintiff can demonstrate a substantial likelihood of success on the merits. However, as discussed above, the Court finds that Plaintiff has not established a substantial likelihood of success on the merits and therefore cannot presume harm.

Plaintiff also contends that it will be harmed due to its inability to control construction and design quality and that Defendants' finishing construction on their home will be perceived as an invitation to steal Plaintiff's architectural plans. The Court finds these arguments unpersuasive. Plaintiff has failed to demonstrate irreparable injury should an injunction not be issued.

---

[5] The protection afforded by copyright does not extend to all aspects of a work. See Herzog, 193 F.3d at 1248. While all house plans obviously share common features, some designs give particular homes a certain 'look and feel.'" Cornerstone Home Builders, Inc. v. McAllister, 303 F. Supp. 2d 1317, 1320 (M.D. Fla. 2004)(citing Howard v. Sterchi, 974 F.2d 1272, 1275 (11th Cir. 1992); Lajolie v. Pavcon, Inc., 146 F. Supp. 2d 1240, 1247 (M.D. Fla 2001)). This distinguishing "look and feel" may be subject to copyright protection. See id. (citing Arthur Rutenberg Homes, Inc. v. Maloney, 891 F. Supp. 1560, 1566 (M.D.Fla. 1995)).

### C. Balance of Hardships

The third element to be considered before this Court will enter an injunction is whether the threatened injury to Plaintiff outweighs the potential damage that the proposed injunction may cause Defendants.  Plaintiff argues that Defendants' own conduct caused whatever injuries they will suffer, since they chose to terminate the Construction Contract and they selected Plaintiff's federally protected Benedict design which would be unavailable but for their contract with Plaintiff.  However, whether Defendants properly or improperly terminated the Construction Contract is not before this Court.   If this Court were to enjoin Defendants from completing construction of their residence pending the outcome of this litigation, the injunction would severely harm Defendants.  On the other hand, Plaintiff may collect money damages for any established infringement should it ultimately prevail.  Accordingly, the Court finds that the balance of hardships weighs against the issuance of an injunction.

### D. Public Interest

Plaintiff argues that the injunction would serve the public interest.  However, since the Court finds that Plaintiff has not established the other three prerequisites for the issuance of an injunction, the Court need not address this element.

## IV. Conclusion

Based on the above, this Court finds that Plaintiff has failed to show a substantial likelihood of success on the merits and has also failed to demonstrate irreparable injury should an injunction not be issued.  Furthermore, the balance of hardships weighs in favor of the Defendants.  Therefore, it is **ORDERED AND ADJUDGED** that Plaintiff's motion for preliminary injunction (Doc. No. 13) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 5th day of August, 2005.

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record